IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| PRECISION DOSE, INC., | ) | Case No. 12 CV 50180 |
| | ) | |
| Plaintiff, | ) | Judge, |
| | ) | Hon. Philip G. Reinhard |
| v. | ) | |
| | ) | Magistrate Judge, |
| UNITED STATES OF AMERICA, | ) | Hon. P. Michael Mahoney |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Precision Dose, Inc. ("Precision"), is a company that develops and markets unit dose delivery systems to be used in medical care facilities. Precision claimed a "domestic production deduction" ("D.P.D.") in its 2007 and 2008 tax filings, pursuant to 26 C.F.R. § 1.199-3. During an audit in 2011, the I.R.S. found that Precision was not entitled to the D.P.D. and owed the tax differential. Precision paid all taxes due pursuant to the I.R.S. finding, but disputes the I.R.S.'s conclusion and files this suit seeking a refund of taxes and interest.

Precision has served Defendant, the United States of America ('U.S.A."), with its First Set of Requests to Produce. In that document, Precision makes five requests for production:

1. "[a]ll documents . . . relating . . . to . . . the examination conducted by [I.R.S.] of Precision . . . for tax years 2007 and 2008; and . . . the decision by the [I.R.S.] to deny . . . a [D.P.D.] . . . for each of these two tax years." (Plaintiff's First Set of Requests to Produce at 1.)

1

2. "[a]ll documents . . . relating in any manner whatsoever to any instructions . . . given to any [I.R.S.] employee, regarding . . . the [D.P.D.] or . . . the methods or procedures by which examinations of the [D.P.D.] are to be conducted or decisions made regarding eligibility for a [D.P.D.]." (Plaintiff's First Set of Requests to Produce at 2.)

3. "[a]ll documents . . . relating . . . to any instructions . . . given to any [I.R.S.] employee, regarding the meaning of the provisions, phrases, or terms used in 26 C.F.R. § 1.199-3." (Plaintiff's First Set of Requests to Produce at 2.)

4. "[a]ll documents . . . relating . . . to any instructions . . . given to any [I.R.S.] employee, regarding . . . the methods or procedures by which pharmaceutical companies are to be chosen for examination[,] and . . . the methods or procedures by which examinations of pharmaceutical companies are to be conducted." (Plaintiff's First Set of Requests to Produce at 2, 3.)

5. "[a]ll documents . . . relating . . . to . . . the number of [I.R.S.] examinations of [D.P.D.] conducted for each of Tax Years 2005 through 2010[,] the number of [D.P.D.] claims allowed and denied during each of Tax Years 2005 through 2010[,] the categories of reasons for denying [D.P.D.] claims during each of Tax Years 2005 through 2010[,] and . . . the number of denials of [D.P.D.] claims for each of Tax Years 2005 through 2010 by category of reasons for denial." (Plaintiff's First Set of Requests to Produce at 3.)

Based on the U.S.A.'s response to these requests, Precision has filed a Motion to Compel Disclosure with this court. The U.S.A. has responded to the requests in part, but argues that it has appropriately declined to produce the bulk of the requested information because it "has no relevance to resolving the only question before the court: whether Plaintiff is entitled to a tax refund…." (Defendant's Partial Response and Opposition to Precision Dose's Motions to Compel Disclosure and to Determine Sufficiency on the Basis of Relevancy at 1.) Indeed, the essential issue at question in this case is whether or not Precision's products were domestically manufactured in such a way that it would be entitled to receive the D.P.D.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the scope and limits on discovery. Rule 26(b)(1) states that "[u]nless otherwise limited by court order, . . .

[p]arties may obtain discovery regarding any nonpriviliged matter, that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[T]he court may order discovery of *any matter relevant to the subject matter involved* in the action. *Relevant* information need not be admissible at trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*." Fed. R. Civ. P. 26(b)(1) (emphasis added).

The U.S.A. claim that they have no obligation to supply the requested documents because the documents are not relevant. Courts have broadly defined the term, "relevant," to include "any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Oil, Chemical & Atomic Workers Local Union No. 6-418, AFL-CIO v. N.L.R.B.*, 711 F.2d 348, 360 (D.C. Cir. 1983). Courts have also defined "relevant" as "germane" to the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The government's investigation of Precision could have generated discoverable material. The I.R.S. may have thoroughly investigated Precision's eligibility for the D.P.D.: it may have recorded witness statements, taken notes and photographs, or visited the Precision site prior to its determination. Any such information gathered in the determination of Precision's eligibility to the deduction would be relevant as to whether or not Precision's manufacturing processes entitle the company to a D.P.D.

The requested documents in Precision's request number one could be relevant. Yet, the scope of the documents requested is extremely broad. In addition to the question of relevance, the court must balance the possibility that the documents requested will lead to beneficial material against the burden of the production of the documents. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Due to the broad scope of the discovery requests and the

sizable burden that the requests place on the U.S.A., the court will deny Precision's request number one.

In the year 2000, the scope of discovery changed from matters "relevant to the *subject matter* involved in the pending action" to matters "relevant to the *claim or defense* of any party." Fed. R. Civ. P. 26(b)(1); *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009); *Sallis v. University of Minn.*, 408 F.3d 470, 477-78 (8th Cir. 2005) (emphasis added). The pleadings now establish what is relevant. The only issue in the pleadings before the court is whether Precision is entitled to the D.P.D. There is no issue of punitive damages. The hearing is *de novo*. Therefore, no weight is given to the findings made by the I.R.S. in its administrative proceedings.

Consequently; inquiry as to the training, instruction, or procedures of I.R.S. employees; or exploration into every I.R.S. D.P.D. determination, are not reasonably calculated to lead to the discovery of admissible evidence. The court finds that the documents sought in request numbers two, three, four, and five are not relevant as the term is used in Rule 26.

Plaintiff's Motion to Compel Disclosure and Motion for Attorneys' Fees is denied.

ENTER:

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**DATE:December 11. 2012**