IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Precision Dose, Inc., | ) |
|     Plaintiff, | ) Case No. 12 C 50180 |
| vs. | ) |
| United States of America, | ) |
|     Defendant. | ) Judge Philip G. Reinhard |

## ORDER

For the reasons stated below, defendant's objection [126] to Magistrate Judge Mahoney's order [120] is denied.

## STATEMENT - OPINION

Defendant objects [126] to Magistrate Judge Mahoney's order [120] granting plaintiff's motion [114] to quash defendant's Rule 30(b)(6) notice of deposition.

"Section 636 of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern district court review of nondispositive magistrate judge decisions. 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) ("The district judge ... must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.") In short, the district judge reviews magistrate-judge discovery decisions for clear error. See Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997)." Domanus v. Lewicki, No. 13-2435, 2014 WL 408723, * 2 (7th Cir. Feb. 4, 2014). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks, 126 F.3d at 943.

Defendant argues Magistrate Judge Mahoney's ruling was clearly erroneous or contrary to law because the magistrate judge misunderstood defendant's argument and the particular issues before the court. Defendant noticed a 30(b)(6) deposition of plaintiff with one of the designated topics for the deposition being "all aspects of [plaintiff's] business activities." Plaintiff moved to quash on the basis this designated topic was overly-broad. Defendant acknowledges that in most cases such a designation would be overly-broad but that it is not so in this case because plaintiff's own Rule 26(a)(1)(A)(I) disclosures – for each of the potential witnesses it may use to support its claims and the subjects of potentially discoverable information those individuals may have –

1

used the same language. ("All aspects of [plaintiff's] business activities, with primary emphasis on, but not limited to [certain specified matters].")

Rule 30(b)(6) requires the notice of deposition to "describe with reasonable particularity the matters for the examination." The notice of deposition at issue listed the designated topics of the deposition to be: 1) all aspects of [plaintiff's] business activities; 2) all aspects of [plaintiff's] responses to [defendant's] discovery requests in this action and the factual bases underlying those responses; 3) all aspects of [plaintiff's] claims in this suit, and the factual bases underlying such claims." Magistrate Judge Mahoney reviewed the notice and observed that "[t]o avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice. When the responding party cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible." He then stated: "based on the notice I have in front of me, it's impossible for the plaintiff to comply with the notice."

Defendant does not cite any case law or other authority in support of its claim Magistrate Judge Mahoney's ruling was clearly erroneous or contrary to law. Defendant makes a reasonable enough argument based on plaintiff's Rule 26(a) disclosures that it had a reason for drafting what it admits would normally be an overly-broad notice for this deposition. However, the magistrate judge was free to disagree. This is the kind of ruling that occurs in the normal give and take of the discovery process. Nothing in the record indicates the magistrate judge misunderstood defendant's argument. Magistrate Judge Mahoney is in a much better position to evaluate where to give and where to take based on his ongoing familiarity with the parties and their conduct of pretrial matters in this case. The question is not whether this court would have reached the same or a different conclusion but whether the court "is left with the definite and firm conviction that a mistake has been made." Weeks, 126 F.3d at 943. The court does not have such a "definite and firm conviction."

For the foregoing reasons, defendant's objection [126] to Magistrate Judge Mahoney's order [120] is denied.

DATE: 2/28/2014                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)